# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON B. HORNBACK,<br><br>                    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 06CV2113 BEN (AJB)<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE<br>[D.E. #5] |

      Petitioner Alton B. Hornback ("Petitioner") petitions this Court *pro se* to issue a Writ of Mandamus, in accordance with 28 U.S.C. § 1361, ordering Respondent United States of America ("Respondent") via the Air Force Sponsoring Agency ("AFSA") to respond to Petitioner's pending 35 U.S.C. 183 administrative claims relating to compensation owed for the alleged unauthorized use of his invention. (Doc. No. 1.) Presently before the Court is Respondent's Motion to Dismiss. (Doc. No. 5.) For the following reasons, the Court **GRANTS WITHOUT PREJUDICE** Respondent's motion.

## I. BACKGROUND

      Petitioner filed U.S. Patent Application 06/859,033 that was directed to a "Real Time Boresight Error Slope Sensor" on April 25, 1986. On August 24, 1987, the PTO imposed a secrecy order on that application pursuant to 35 U.S.C. § 181. On September 17, 1987, the PTO informed Petitioner his application was in condition for allowance, but that in light of the secrecy

order it would be withheld from issue "during such period as the national interest require[d]." The secrecy order was renewed each year until it was rescinded on April 21, 1999. The application subsequently issued to Petitioner as U.S. Patent 6,079,666 on June 27, 2000.

Petitioner initiated his first administrative claim before the AFSA on March 3, 1999, pursuant to the provisions of 35 U.S.C. § 183. On November 28, 2005, prior to the resolution of his administrative claim, Petitioner filed Case No. 05CV2184JM(AJB) in this district seeking compensation for the unauthorized use of his claim invention during the 12-year period his patent application was under the secrecy order (from 1987-1999). The Court's Order dated March 7, 2006, barred all claims up to and including the March 1999 administrative claim under the theory of claim preclusion.

Petitioner then filed a second administrative claim for the unauthorized use of his claimed invention for the time period subsequent to the 1999 administrative claim on March 13, 2006. Again without waiting for an administrative determination, Petitioner filed Case No. 06CV82BTM(RBB) in this district on April 10, 2006, seeking compensation pursuant to 35 U.S.C. § 183 for the unauthorized use of his claimed invention after 1999. The allegations set forth in that suit were identical to those in the March 2006 administrative claim. On August 15, 2006, Judge Moskowitz dismissed Petitioner's complaint for failure to exhaust administrative remedies. In his Order, Judge Moskowitz explained that the "government should be afforded sufficient time to adequately investigate [Petitioner's] claims, especially given the complexity of [Petitioner's] invention and the national security aspects of [his] case." *Hornback v. United States,* Case No. 06CV00825BTM(RBB), slip op. at 4-5 (S.D. Cal. August 15, 2006).

Approximately one month later, Petitioner filed the present action. Petitioner seeks a Writ of Mandamus ordering Respondent to take action on Petitioner's pending March 2006 administrative claim.[1] (Doc. No. 1.) Respondent filed a Motion to Dismiss on November 28,

---

[1] Petitioner has filed a dozen or more actions against the United States government alleging various theories of recovery for the alleged wrongs perpetrated by the government toward the Petitioner. Petitioner more or less alleges an over arching governmental conspiracy directed at him whereby the PTO (working at the direction of the Department of Defense) intentionally included numerous "strategically placed" errors in his patent to conceal his invention for counterintelligence purposes. These actions in their various forms have been filed in both the United States District Court for the Southern District of California and the United States

2006. (Doc. No. 5.) Petitioner filed his opposition on December 6, 2006. (Doc. No. 6.) A reply was filed by Respondent on December 22, 2006. (Doc. No. 7.) The matter is now fully briefed, and the Court finds it appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## II.   DISCUSSION

A.   Legal Standard

Respondent has moved to dismiss Petitioner's entire suit under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and possess 'only that power authorized by Constitution and statute.'" *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005). Limits upon federal jurisdiction must not be disregarded or evaded. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation and citation omitted). It is the burden of plaintiffs to persuade the Court that subject matter jurisdiction exists. *See Hexom v. Oregon Dept. of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).

A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied,* 544 U.S. 1018 (2005). A facial attack challenges the sufficiency of the jurisdictional allegations in the complaint. *See id.* In contrast, a factual attack challenges the substance of a complaint's jurisdictional allegations. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the

---

Court of Federal Claims. All of the actions have presented the same set of operative facts as stated here. Petitioner has filed ten lawsuits against the United States in the Court of Federal Claims (Case Nos. 96-121 C; 96-647 C; 98-58 C; 99-38 C; 99-168 C; 00-374 C; 01-99 C; 01-136 C; 02-1915 C; and 03-2063 C) and five prior lawsuits (not including this one) against the United States in the Southern District of California (case Nos. 89CV1914 R(M); 94CV0952 IEG(LSP); 04CV0339 WQH (WMC); 05CV2184 JM(AJB); and 06CV0825 BTM(RBB). Each of the prior actions have been resolved in favor of the Respondent. Two additional cases were also filed close in time to this action (case Nos. 06CV02113 BEN(AJB) and 07CV00289 BEN(AJB).

defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *See Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1990). A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide, Inc*. 328 F.3d 1136, 1139 (9th Cir. 2003).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *See Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). Rule 12(b)(6) permits dismissal of a claim when the claim lacks a cognizable legal theory or there are insufficient facts alleged to support plaintiff's theory. *See Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990). In considering the sufficiency of a complaint under Rule 12(b)(6), a court may grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. (citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

The Court also recognizes the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. *See Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

B.  Mandamus Jurisdiction

Respondent argues that Mandamus relief as to the March 2006 administrative claim is not appropriate because the amount of time thus far taken by the AFSA has been reasonable. A writ of mandamus is an extraordinary remedy and is available where: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to

be free from doubt; and (3) no other adequate remedy is available. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003); *see also Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir. 1968) ("Mandamus will lie only to compel ministerial duty plainly defined by law and not to compel an exercise of discretion."). Nor may mandamus be used to instruct an official how to exercise his or her discretion. *See Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir. 1968). Furthermore, the district court has discretion to not issue a writ of mandamus even where the prerequisites have been satisfied. *See San Jose Mercury News, Inc. v. United States District Court,* 187 F. 3d 1096, 1099 (9th Cir. 1999).

Petitioner does not allege any new facts that would support a contrary outcome from the August 15, 2006, Order; nor has sufficient time elapsed to provide a basis for differing from Judge Moskowitz' ruling. Only slightly more than a year has elapsed since Plaintiff filed his administrative claim on March 13, 2006. Respondent should be afforded sufficient time to properly investigate Petitioner's claim's, especially considering the complexity of the underlying invention and the national security aspects of the case. Contrary to Petitioner's allegations, there is no evidence that Respondent has acted in bad faith or intentionally thwarted the investigation of the March 2006 administrative claim. If anything, the progress of AFSA's investigation has been likely impeded by the continued presence of Petitioner's suits before the district court.

The Court does not reach Respondent's substantive argument that Petitioner's claims are barred by the doctrine of *res judicata*. Further, Respondent's alternative request for a stay pending resolution of Case No. 06CV1387BEN(AJB) is denied as moot.

### III. CONCLUSION

For the reasons discussed, the Court **GRANTS WITHOUT PREJUDICE** Respondent's Motion to Dismiss.

**IT IS SO ORDERED.**

DATED: May 15, 2007

Hon. Roger T. Benitez
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28